# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| STANSLY T. MAPONGA § | |
| § | |
| v.  § | NO. 4:25-CV-00051-SDJ-BD |
| § | |
| HALL PARK HOTEL, *et al.* § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Stansly Maponga sued Hall Park Hotel, Hans Ritten, and Marcus Reed, Dkt. 1, and moved to proceed in forma pauperis, Dkt. 2. The court granted that motion but ordered that service be withheld pending screening of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). Dkt. 12.

Maponga filed an amended complaint as a matter of course. Dkt. 10; *see* Fed. R. Civ. P. 15(a)(1). The amended complaint does not incorporate the original complaint by reference and therefore supersedes it. *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023).

Maponga's operative complaint alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, breach of contract, unjust enrichment, and intentional infliction of emotional distress, Dkt. 10 at 2; *see* 28 U.S.C. § 1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); *id.* § 1367(a) (authorizing "supplemental jurisdiction over all other claims," including state-law claims, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). After identifying deficiencies in the amended complaint that could result in dismissal, the court will give Maponga another opportunity to amend.

**SCREENING STANDARD**

The court must dismiss a complaint filed in forma pauperis if it "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court, however, must liberally construe a pro se litigant's pleadings in analyzing them under § 1915(e). *See Flanagan v. LaGrone*, No. 9:16-CV-00059-MHS, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)).

Under § 1915(e)(2)(B)(i), the court must evaluate the complaint for frivolousness or maliciousness. A complaint "duplicative of a pending or previous lawsuit" is malicious. *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009). That is so even when the plaintiff "raised new claims," so long as those claims "grow out of the same allegations" as were presented in the prior or pending suit. *Id.* A court may dismiss a duplicative case as either malicious or frivolous. *See id.*; *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) (explaining that a court "may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff'" (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)).

Claims without an arguable basis in law or fact are also frivolous. *See, e.g.*, *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *see also Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (distinguishing between factual and legal frivolousness). A complaint lacks an arguable basis in law when it "is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist." *Brown v. Allen*, No. 3:16-cv-214-N-BN, 2016 WL 2855581, at *2 (N.D. Tex. Apr. 25, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). In reviewing claims for legal frivolousness, courts may reject wholly conclusory claims, *Bilbrew v. Johnson*, 239 F. App'x 49, 51 (5th Cir. 2007), or those that fail to comply with the pleading standard requiring a short and

plain statement demonstrating entitlement to relief, *Harris v. DOJ*, 680 F.2d 1109, 1110 (5th Cir. 1982) (per curiam). When screening for factual frivolousness, the court need not "accept without question the truth of the plaintiff's allegations[,]" even when the allegations "cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, if the complaint's "factual contentions are clearly baseless"—such as "claims describing fantastic or delusional scenarios" or situations that are "wholly incredible"—the court may dismiss the claims sua sponte. *Id.* at 32–33 (cleaned up).

The court also must determine whether any claims not deemed frivolous or malicious "fail[] to state a claim on which relief may be granted" or else "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). The immunity inquiry generally folds into the frivolousness analysis. *Cf. Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (explaining that "[a] claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory"). But a defendant's immunity acts as an independent basis for § 1915(e) dismissal when a plaintiff seeks damages. *See Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (per curiam); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam).

Likewise, the plaintiff's failure to state a claim alone may serve as a basis for dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim on which relief may be granted, and in contrast to the frivolousness analysis, a court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). The complaint must allege facts sufficient to establish plausible, rather than merely conceivable, claims for relief to survive such scrutiny. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" i.e., "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, claims are "implausible on [their] face when 'the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I. ADA

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are public accommodations. *Id.* § 12181(7)(A). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; . . . a record of such an impairment; or . . . being regarded as having such an impairment." *Id.* § 12102(1).

Maponga alleges that the hotel "failed to accommodate" his disabilities and "imposed undue hardship" in violation of the ADA. Dkt. 10 at 2. Nothing in the operative complaint supports those allegations. To begin with, Maponga does not allege facts to show that he has a disability. His complaint refers generally to his "back disability and cognitive impairments" without clarifying whether he alleges discrimination based on having an impairment that substantially limits a major life activity, having a record of an impairment, or being regarded as having an impairment. Dkt. 1 at 2. He also fails to allege what major life activity is substantially limited by his "back disability and cognitive impairments." *Id.*

Maponga also does not allege facts showing that the hotel failed to accommodate him on the basis of his disability. His entire allegation is that he made an extended reservation at the hotel, paid less than the agreed amount, and was removed before the end of the original reservation period. Nothing about that fact pattern can support a claim that he was discriminated against on the basis of a disability.

## II. FHA

The FHA prohibits various types of discrimination in the sale, rental, and advertisement of housing based on a person's race, color, religion, sex, familial status, or national origin. 42 U.S.C. §§ 3604–06. Some types of discrimination based on a person's handicap are also prohibited. *See, e.g.*, *id.* § 3604(c)–(f).

Maponga alleges that the defendants' "actions interfered with [his] ability to secure fair housing and stability for his family." Dkt. 10 at 2. He does not point to any particular provision of the FHA, describe any conduct in violation of the Act, or explain how the defendants allegedly discriminated against him. In short, there are no factual allegations to support a claim for violation of the FHA.

## III. Breach of Contract

To state a breach-of-contract claim under Texas law, a plaintiff must allege: (1) the existence of a valid, enforceable contract between the parties; (2) that he performed or tendered performance on that contract; (3) that the defendants breached the contract; and (4) that he sustained damages as a result of the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). A plaintiff complaining of a breach of contract must allege his own performance because "[d]efault by one party excuses performance by the other party." *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 689 (Tex. 1981).

Maponga alleges that he made a 32-night reservation at the hotel at a monthly rate of $12,000. Dkt. 10 at 1. He further alleges that he paid $2,000 and was evicted ten days before the end of the reservation. Those allegations are insufficient to show Maponga's own performance under the alleged contract or how the defendants breached that contract. He claims that he agreed to pay the hotel $12,000 and paid only $2,000. Without an explanation of the contract's terms regarding when payment was due, it appears that Maponga breached the contract by failing to pay what was owed. If Maponga breached first by failing to pay the amount due, the defendants were excused from performance and no claim for breach will survive. *Mead*, 615 S.W.2d at 689.

It is also unclear what damages Maponga alleges he sustained as a result of the breach. He does not identify any liquidated-damages provision in the contract. Again, he asserts that he agreed to pay $12,000 for a hotel reservation, paid $2,000, then stayed at the hotel for two-thirds of the agreed-upon time.

## IV. Unjust Enrichment

Unjust enrichment is an equitable theory that allows a party to recover when "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Recovery for unjust enrichment is not allowed "[w]hen a valid agreement already addresses the matter." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). That is because restitution for unjust enrichment is "an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended." *Id.*

Maponga alleges that the defendants were unjustly enriched because they "profited from cancellation fees and additional charges." Dkt. 10 at 2. But his allegation that a contract governed the relationship between him and the hotel and that the defendants were unjustly enriched "due to their own breach" of that contract undercuts his unjust-enrichment claim. Dkt. 10 at 2; *see Fortune*, 52 S.W.3d at 684. And even if the court construes the complaint liberally to assert unjust enrichment in the alternative, that claim would still fail. The operative complaint does not specify whether Maponga's claim for unjust enrichment is based on fraud, duress, or the taking of an undue advantage and does not identify conduct that would support any of those theories. Nor does it explain how the hotel obtained a benefit when Maponga got two-thirds of a hotel stay at one-sixth of the agreed price.

## V. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, the plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting

6

emotional distress was severe." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). "[A] claim for intentional infliction of emotional distress will not lie if emotional distress is not the intended or primary consequence of the defendant's conduct." *Id.* To be extreme and outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

Maponga's complaint includes a claim for intentional infliction of emotional distress based on the defendants' "actions [that] caused severe emotional and psychological harm" to Maponga and his family. Dkt. 10 at 2. But it includes no factual allegations of conduct that is atrocious or intolerable or intended to cause emotional distress. Again, the factual allegations are that Maponga reserved a hotel room for 32 days at a rate of $12,000; that he paid only $2,000; and that the hotel removed him 21 days into his stay. Those allegations do not satisfy the requisite intent or outrageousness to support his claim.

## CONCLUSION

The operative complaint fails to state a claim upon which relief may be granted and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). But because a pro se plaintiff should be afforded an opportunity to plead his best case after being apprised of the insufficiency of his allegations, *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017), Maponga will be afforded another opportunity to amend his complaint.

It is **ORDERED** that Maponga file an amended complaint that addresses the deficiencies identified above within 30 days of the entry of this order. Failure to do so may result in a recommendation of dismissal of his claims without further notice.

It is further **ORDERED** that service of process be withheld until further order of the court.

So **ORDERED** and **SIGNED** this 1st day of May, 2025.

_____
Bill Davis
United States Magistrate Judge